UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH SCHIAVONE, et al, | |
| Plaintiffs, | CIVIL ACTION NO. 3:21-CV-1686 |
| v. | (MEHALCHICK, M.J.) |
| LUZERNE COUNTY, et al | |
| Defendants | |

## MEMORANDUM

Pending before this Court is Plaintiffs' Motion for the Approval of the Settlement of Wrongful Death and Survival Actions. (Doc. 56). The Petition sets forth the terms of the agreed-upon settlement of the claims brought by Plaintiffs, Sarah Shiavone and Mickayle Meredick, as Administrators of the Estate of Hailey Povisil, against Defendants Luzerne County, Wellpath, LLC, and Correct Care Solutions, LLC. This Court conducted a brief hearing on the motion on Tuesday, April 25, 2023. At that hearing, counsel for the Plaintiffs set for the bases for the motion, and counsel for the Defendants concurred in the motion. On the basis of the facts set forth in the motion and at the hearing, the Court grants the motion.

I. **APPLICABLE LAW**

Jurisdiction in this case is predicated on federal question jurisdiction. In approving the allocation of settlement funds, including attorney fees, however, the Court applies Pennsylvania substantive law. *Wilson v. TA Operating, LLC*, 4:14-CV-00771, 2017 WL 1738422, at *1 (M.D. Pa. May 3, 2017) ("[B]ecause the settlement of a lawsuit and the relationship between an attorney and his or her client are areas traditionally governed by state law and there is no conflicting federal interest."); *quoting Mowrer v. Warner-Lambert Co.*, No.

CIV.A.98-2908, 2000 WL 974394, at *5 (E.D. Pa. July 14, 2000); *see also Coleman v. United States*, No. CIV.A. 04-3994, 2005 WL 2230319, at *1 (E.D. Pa. Sept. 13, 2005).

Under Pennsylvania law, a wrongful death action is brought by the decedent's relatives on their own behalf to recover damages for pecuniary loss suffered by the loss of the decedent's future contributions, and a survival action is brought on behalf of the decedent for pain and suffering and the loss of income suffered before death. *Wilson*, 2017 WL 1738422, at *1; *Coleman*, 2005 WL 2230319, at *1. Pennsylvania prioritizes wrongful death claims over survival claims in order to put the needs of the decedent's dependents over the estate beneficiaries." *Wilson*, 2017 WL 1738422, at *1; *Coleman*, 2005 WL 2230319, at *1; *see also Krause v. B & O Railroad*, Pa. D & C.3d 458, 471 (C.P. 1983) (recognizing "the natural preference for compensation for needy dependents for loss over windfall inheritances.").

## II. PROPOSED SETTLEMENT ALLOCATION

The total gross settlement in this action is Seven Hundred Eighty Thousand Dollars ($780,000.00). Plaintiff proposes that Seven Hundred Two Thousand Dollars ($702,000.00) be allocated to the survival action and Seventy-Eight Thousand Dollars ($78,000.00) be allocated to the wrongful death action. This allocation has been approved by the Pennsylvania Department of Revenue. Further, the Court finds this allocation to be appropriate and approves of the same. *See Wilson*, 2017 WL 1738422, at *2 (approving 90%-10% distribution between wrongful death and survival actions).

Plaintiff also requests that the Court approve the payment of Three Hundred Twelve Thousand Dollars ($312,000.00) to be paid to the law firm of Dyller and Solomon as legal fees, plus costs incurred by the firm in the amount of Three Thousand Twenty-Eight Dollars

and Fifty-Four Cents ($3,028.54). This amount constitutes 40 percent of the gross settlement and is in keeping with the fee agreement between Plaintiffs and counsel. A fee agreement is entitled to a presumption of reasonableness, and a 40% agreement is within the range of reasonableness. *See Wilson*, 2017 WL 1738422, at *2; *In re Lucent Techs., Inc., Sec. Litig.*, 327 F. Supp. 2d 426, 442 (D.N.J. 2004) ("If this were a non-class action case, the customary contingent fee would likely range between 30% and 40% of the recovery."); *In re Cendant Corp. Litig.*, 264 F.3d 201, 220 (3d Cir. 2001) (Becker, C.J.) ("Courts should afford a presumption of reasonableness to fee requests submitted pursuant to an agreement between a properly-selected lead plaintiff and properly-selected lead counsel."). As such, the Court approves the payment of this amount to the firm of Dyller and Solomon.

      Plaintiffs also seek the payment of Twenty-Three Thousand Four Hundred Dollars ($23,400.00) as Administrators for the Estate. The motion notes that they have worked extensively on this case throughout litigation. The motion also requests that Plaintiffs be allowed to pay from the Estate's funds any taxes of the Estate as required by the Pennsylvania Department of Revenue. The Court finds these requests reasonable and approves the payment of this amount to the Plaintiffs, as well as the payment of the taxes by the Estate.

      Finally, the motion and counsel for Plaintiffs request that the distribution to the beneficiary of the estate be in the form of a structured settlement, to be determined between the minor beneficiary's legal guardian, Plaintiffs' counsel, and an appropriate representative of a structured settlement company. The Court will grant this request.

      Plaintiffs' counsel avers that this resolution and settlement, and the proposed distribution of the same, is in the best interest of the Plaintiffs and the beneficiary of the Estate.

### III. CONCLUSION

The Court approves the settlement between Plaintiffs and Defendants as outlined in the Motion for Approval, as described in more detail at the hearing on the Motion, and as set forth above. No objections to the distribution were placed before the Court. For these reasons, Plaintiffs' Motion for the Approval of the Settlement of Wrongful Death and Survival Actions (Doc. 25) is **GRANTED**.

An appropriate Order will follow.

**Dated: April 25, 2023**                                                       *s/ Karoline Mehalchick*
                                                                                                 **KAROLINE MEHALCHICK**
                                                                                                 **United States Magistrate Judge**